## CONSTANT *vs.* WARD.

Where notice of argument has been given by the appellant, the respondent may move for an affirmance of the judgment *ex parte* although he has given no notice of argument. BENNETT, J. dissenting.

WHEN this cause was called on the calendar, the appellant not appearing, the respondent moved for an affirmance of the judgment; but he presented to the court no proof of service of notice of argument. It was, in fact, conceded that he had given no such notice; but it appeared that the appellant had given such notice.

*By the Court*, HASTINGS, Ch. J.   Section 277 of the practice act provides that the hearing of appeals shall be noticed for the first day of term, by a notice of at least four days, and may be noticed and brought on by either party.   The 12th rule of this court declares that when the cause shall be called on the calendar, if the appellant shall not appear, the respondent may move for an affirmance of the judgment, and if the respondent shall not appear, the appellant may proceed in the argument *ex parte*.   The appellant in this case gave notice of argument required by statute.   The cause was called in its order on the calendar, and the respondent moved, under the rule, for an affirmance of the judgment.   The respondent not having given the notice of argument required by the statute, it is argued that he is not entitled to an affirmance.   It does not appear that the rule and statute conflict, and it is evident that either party may notice the cause and bring it on; and thus either party may be the actor; but it does not follow that both parties shall be regarded as actors in such case.   If the appellant notice the cause for argument, the respondent is notified to appear and respond not only to the point made and authorities cited by the appellant, but also to make his own points, and prepare his brief for sustaining the decision of the court below.   If the appellant should not appear after notice thus given, he would be

in default, and should suffer the consequences of a default, resulting from his own *laches*. It is admitted that if the respondent give the notice and the appellant fail to appear, the judgment may be affirmed on motion. Why not then affirm on motion of the respondent, if the appellant give the notice? He is the author of the proceedings in this court. His notice of argument is not from the respondent, it is true, but from himself, and if he fail to appear, he is doubly in default. It would seem a mere idle ceremony to require both parties to bring a cause on for argument, when, by notice of either, both might be in court. The practice of bringing on the argument of appeals was intended to be the same as the moving a cause for trial in the district courts. Section 137 of the Practice Act provides that at any time after issue either party may give notice of trial, and then, by section 152, that either party giving the notice may bring the issue to trial, &c. It does not follow that, because either party may bring the issue to trial, both parties shall give the notice, to entitle the appearing party to the trial of the issue. A fair interpretation of these rules and statute would seem to be, that if an action be instituted, and the plaintiff does not insist upon a trial, the defendant may give the notice and have the cause disposed of; and so the plaintiff shall not move the trial until he has served the defendant with notice; and, certainly, either party, failing to appear after such notice, is in default, whether the notice issue from one or the other or both parties, unless for good cause shown. We think any respondent having received the notice required, is entitled to an affirmance of the judgment. The judgment, therefore, will be affirmed in this case.

BENNETT, J. (dissenting.) Section 277 of the Practice Act provides that the hearing of appeals shall be noticed for the first day of the term by a notice of at least four days and may be noticed and brought on by either party. The twelfth rule of this court declares, that when the cause shall be called on the calendar, if the appellant shall not appear, the respondent may move for an affirmance of the judgment, and if the respondent

Constant *v.* Ward.

does not appear, the appellant may proceed in the argument *ex parte.* The appellant in this case gave the notice of argument required by the statute, but the respondent did not; the cause was called on the calendar, and the respondent moved, under the rule, for an affirmance of the judgment. His motion should be denied. The statute and rule of court should both be construed together, and the meaning of both is, that the appellant may notice the cause and bring it on, and, if the respondent fail to appear, may proceed in the argument *ex parte;* and that the respondent may notice the cause and bring it on, and, if the appellant fail to appear, may move for an affirmance of the judgment. By the statute and rule both parties are regarded as actors, so that either can, upon the performance of a certain act, that is, giving the adverse party notice of argument, have the cause called on and disposed of according to the terms of the rule. But the fact of each party being an actor and entitled to give notice of argument, precludes the respondent from moving the cause unless he has noticed it. He is in the same condition, in this respect, as if neither party had noticed the cause. The practice in bringing on the argument of appeals was intended to be the same, and is made the same by statute, as the moving a cause for trial in the district court. Section 137 of the Practice Act provides, that, at any time after issue, either party may give notice of trial; and section 152 provides that either party, *giving the notice,* may bring the issue to trial, &c. This is just as clear an expression of the will of the legislature, as if that body had said that neither party shall be in a condition to bring the issue to trial, without having first given such notice. The practice is the same in bringing on an appeal; either party may notice and bring on the cause; and if he neglect to give the notice, so plainly required by the statute, it is his own fault. The appellant, by giving notice, does not waive his right to receive notice: by performing an act required of him by the statute, he ought not to be deprived of a right given him by the statute. The practice where these cross notices are permitted or required, is perfectly well settled in conformity with the views above expressed, and I must therefore dissent from the majority of the court.